# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                       Case No. 06-Cr-181

BENNY MARTINEZ and
ANAS SALEM,
MARIO BANDA

    Defendants.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE LYNN ADELMAN AND ORDER

## NATURE OF CASE

On August 1, 2006, a federal grand jury sitting in this district returned a one-count indictment against defendant Benny Martinez, charging him with a Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy in violation of 18 U.S.C. § 1962(d). On November 7, 2007, the grand jury returned a three-count superseding indictment against defendant Martinez and defendant Anas Martinez. Subsequently, on March 20, 2007, a second superseding indictment was returned against defendants Martinez and Salem and defendant Mario Banda. With the exception of the addition of defendant Banda, the charges in the second superseding indictment are the same as in the first superseding indictment.

Count One of the second superseding indictment (hereinafter indictment) charges all three defendants with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Count Two charges defendant Salem with knowingly intimidating and threatening Carlos Lopez through

physical force with the intent to cause or induce Carlos Lopez to withhold testimony from the federal RICO prosecution in violation of 18 U.S.C. §§1512(b)(2)(A) and 2. Count Three charges defendant Salem with possessing and brandishing a firearm in furtherance of a crime of violence, namely witness tampering in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. The alleged violations charged in Counts Two and Three occurred on or about November 1, 2005.

The defendants appeared before a United States magistrate judge for arraignment, entering pleas of not guilty. Pursuant to the court's pretrial order with respect to the first superseding indictment, defendant Anas Salem filed the following motions: 1) a motion to dismiss Count One of the indictment or, in the alternative, for a bill of particulars as to Count One (Docket #17) and 2) a motion for a Santiago hearing and for a pretrial ruling concerning alleged co-conspirator statements. (Docket #18). No motions were filed by defendant Martinez. An additional motion schedule was set following the defendants' arraignments on the second superseding indictment. The court now will address defendant Salem's motions filed with respect to the superseding indictment.

**MOTION FOR DISMISSAL OF COUNT ONE
OF THE INDICTMENT OR, IN THE ALTERNATIVE,
FOR A BILL OF PARTICULARS AS TO COUNT ONE**

Defendant Salem (defendant) has moved for dismissal of Count One of the indictment on the ground that it is insufficient to provide him notice of the charge against him and makes it impossible to prepare a defense to the charge. In the alternative, defendant Salem seeks an order directing the government to file a bill of particulars as to Count One. Defendant Salem sets forth a lengthy list of the information he seeks in the bill of particulars.

In support of his motion, the defendant asserts that there are no specific racketeering acts or overt acts set forth in the indictment from which he can begin to glean the evidence upon
- 2 -

which the government will rely and introduce at trial. The defendant further asserts that there "is no 'pattern' of activity attributed to [him] nor to the alleged 'enterprise' of any of the members or associates of the Latin Kings with whom [he] is accused of having conspired." (Defendant's Motion for Dismissal of Count 1 of the Indictment or, in the Alternative, for a Bill of Particulars as to Count 1 at 2). He also states that Counts Two and Three appear to be intertwined and interconnected in that they stem from one alleged interaction with the alleged victim, Carlos Lopez, on the same day and place.

The government opposes the motion, asserting that the indictment sets forth the essential elements of a racketeering conspiracy. The government maintains that Count One provides a definition of the "Latin Kings," a description of the criminal activity alleged committed by Latin King members and a definition of the enterprise for purposes of 18 U.S.C. §1961(4). The government states that Count One alleges that the defendant participated in a conspiracy to conduct the affairs of an enterprise through the defined pattern of racketeering activity and "specifically charges that each alleged co-conspirator must have agreed to the commission of at least two of the specified racketeering acts." (Government's Consolidated Response to Defendant's Pretrial Motions [Government's Response] at 3). The government contends that allegations of this nature are sufficient to state a cause of action under 18 U.S.C. §1962(d).

The government also asserts that a bill of particulars is not warranted because the defendant has been provided with discovery as part of its "open file" policy which includes information about the date and location of the offenses and the names of participants and witnesses. The government contends that the defendant actually is seeking specific details of how the government intends to prove its case which is not properly subject to disclosure by means of a bill of particulars. In addition, the government states that the majority of the

- 3 -

information contained in the discovery materials "has been categorized as to specific predicate acts for the benefit of all parties" and that defendant's counsel has been provided with logs or indexes of all audio and videotaped conversations. Id. at 6. Accordingly, the government states that the defendant's motion should be denied.

## ANALYSIS

Rule 7(c) of the Federal Rules of Criminal Procedure requires an indictment to be a plain, concise and definite written statement of the essential facts constituting the offense charged. Count One charges the defendant and others with conspiracy to commit racketeering in violation of 18 U.S.C. §1962(d). The RICO conspiracy statute provides: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d).

The elements of a RICO conspiracy charge were discussed by the court in United States v. Glecier, 923 F.2d 496, 499-500 (7th Cir.1991). The court explained:

> Section 1962(d), like all conspiracy provisions, has as its target the act of agreement--here, the agreement to engage in activity that implicates section 1962(c). Accordingly, to list adequately the elements of section 1962(d), an indictment need only charge--after identifying a proper enterprise and the defendant's association with that enterprise--that the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity (here, the "pattern" being multiple acts of bribery prohibited by specified provisions of the Illinois criminal code). Neither overt acts, United States v. Torres Lopez, 851 F.2d 520, 525 (1st Cir.1988), nor specific predicate acts that the defendant agreed personally to commit, Neapolitan, 791 F.2d at 495-98, need be alleged or proved for a section 1962(d) offense.

Id.; see also, Federal Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1962(d), 1999 (To prove a charge of conspiracy to commit racketeering, the government must prove the following propositions: 1) "that the defendant knowingly conspired to conduct or participate in

- 4 -

the conduct of the affairs of the [Latin Kings], an enterprise, through a pattern of racketeering activity;" 2) "that the [Latin Kings] was an enterprise" and 3) "that the activities of the [Latin Kings] would affect interstate commerce.").

The court in Glecier also summarized the standard for reviewing objections to the sufficiency of the indictment.

> The fifth amendment, with exceptions not relevant here, limits the power of the federal government to hold someone to answer for a felony "unless on a presentment or indictment of a Grand Jury." U.S. CONST. amend V. The sixth amendment then grants to all persons accused by the federal government of a crime several basic rights, including the right "to be informed of the nature and cause of the accusation." U.S. CONST. amend VI. The courts have long held that these broad principles break down into three requirements (sometimes grouped as two requirements, see, e.g., Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974)) for the sufficiency of an indictment: "The defendant is entitled to an indictment that [1] states all of the elements of the offense charged, [2] informs him of the nature of the charge so that a defense can be prepared, and [3] enables the defendant to evaluate any possible double jeopardy problems presented by the charge."

923 F.2d at 499 (citations omitted); see also, United States v. Palumbo Bros., Inc., 145 F.3d 850, 860 (7th Cir. 1998).

It is well established that the sufficiency of a charge is determined from the face of the indictment. As succinctly stated in Palumbo Bros., Inc., 145 F.3d at 877-78: "Allegations in an indictment do not require conclusive proof of every aspect of the crime to sufficiently allege a violation; rather, an indictment requires only the essential elements."

Moreover, "in reviewing the sufficiency of an indictment, a court should consider the challenged count as a whole and should refrain from reading it in a hypertechnical manner."

- 5 -

Glecier, 923 F.2d at 499 (quoting United States v. Gironda, 758 F.2d 1201, 1209 [7th Cir. 1985]); see also, Palumbo Bros,.Inc., 145 F.3d at 860. The indictment must be "read to include facts which are necessarily implied" and "construed according to common sense." Palumbo Bros., Inc., 145 F.3d at 860 (internal citations omitted). An indictment which meets the requirements of the Fifth and Sixth Amendments also satisfies the specificity requirement of Fed. R. Crim. P. 7(c)(1). Glecier, 923 F.2d at 499.

The RICO conspiracy statute is more comprehensive than the general conspiracy provision, 18 U.S.C. § 371, applicable to federal crimes. Salinas v. United States, 522 U.S. 52, 64 (1997) (holding that the interplay between subsections (c) and (d) of 18 U.S.C. § 1962 did not permit the Court "to excuse from the reach of the conspiracy provision an actor who does not himself commit or agree to commit the two or more predicate acts requisite to the underlying offense."). Unlike the general conspiracy statute, which requires that at least one of the conspirators has committed an act to effect the object of the conspiracy, §1962(d) "broadened conspiracy coverage by omitting the requirement of an overt act." Id. at 64. It is the agreement to violate RICO which is the offense criminalized by § 1962(d). See Id. at 65.

Resolution of the defendant's contention that the government has not given him sufficient information regarding what he is alleged to have done during the eight-year period encompassed by Count One requires a review of the allegations of that count. Count One alleges that from on or about January 1, 1998, and continuing until July 31, 2006, the named defendants, including defendant Salem, and others known and unknown, being members and associates of a criminal organization known as the Almighty Latin King Nation, Milwaukee Chapter, an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce, knowingly, willfully and unlawfully conducted and participated, directly

- 6 -

and indirectly, in the conduct of the affairs of that enterprise though a pattern of racketeering activity in violation of 18 U.S.C. §§ 1962(c) and (d). (Count One ¶ 1).

Specifically, it is alleged that the criminal activity committed by members of the Latin King enterprise included murder, attempted murder, drug trafficking, firearms offenses, robbery, kidnaping, assault and battery, home invasion, arson, drive-by shootings and intimidation of witnesses. (Count One ¶ 2). The indictment alleges that the Latin Kings constituted an "enterprise" under federal statutes which was engaged in, and its activities affected, interstate and foreign commerce. (Count One ¶ 3). The indictment identifies the Latin Kings' enterprise and details its purpose. (Count One ¶¶ I 4a-k; II 5-11).

Count One also sets out the means and methods by which the defendants, including defendant Salem, conducted and participated in the conduct of the affairs of the enterprise. (Count One ¶ III 12a-n). The indictment alleges that the Latin Kings murder and attempt to murder members of rival gangs including, but not limited to, the Imperial Gangsters, La Familia, Maniac Latin Disciples, Mexican Posse and Spanish Cobras. (Count One ¶12a). Latin Kings allegedly commit arson against the person and properties of rival gangs and their members and robbery against rival gang members. (Count One ¶12b, c). The Latin Kings also allegedly traffic in controlled substances, use violence and threats of violence to promote and conduct the affairs of the enterprise and engage in acts of intimidation against potential witnesses to crimes committed by Latin King members. (Count One ¶ 12d, h, m). The indictment also alleges that the Latin Kings enforce discipline among members and associates through acts or threats of violence for disobedience of rules and orders. (Count One ¶ 12n).

The indictment further alleges that it was part of the conspiracy that the defendants and other co-conspirators agreed that a conspirator would commit at least two racketeering acts in

- 7 -

the conduct of the affairs of the enterprise. (Count One ¶ 14). The conspiracy to commit the RICO violation is alleged to be in violation of 18 U.S.C. § 1962(d).

The defendant maintains that there is no pattern of activity specifically attributed to him set forth in the indictment. The defendant is apparently asserting that the indictment does not contain any predicate acts allegedly committed by him or other defendants. To support a RICO claim under the substantive provision of 18 U.S.C. § 1962(c), the indictment must allege the conducting of an enterprise through a pattern of racketeering activity. New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474, 1478 (7th Cir. 1990). A "pattern of racketeering activity" requires "at least two acts of racketeering" within ten years of one another. See 18 U.S.C. §1961(5); Palumbo, 145 F.3d at 877. However, the defendant is charged with a RICO conspiracy, not a substantive RICO count. A RICO conspiracy does not require an overt or specific act to effect the object of the conspiracy. Salinas, 522 U.S. at 63; United States v. Neapolitan, 791 F.2d 489, 495 (7th Cir. 1986).

In this case, the defendant is alleged to be a member and associated with the Latin Kings enterprise, and to knowingly and intentionally have conspired to violate §1962(c) by conducting and participating in the conduct of the affairs of the Latin King enterprise though a pattern of racketeering activity. The indictment provides that defendants conspired to conduct the affairs of the enterprise through a pattern of racketeering activity involving the distribution of controlled substances, including cocaine, cocaine base and marijuana, multiple acts indictable under specified federal statutes and multiple acts involving designated violations of the laws of the State of Wisconsin. (Count One ¶ 13).

Based on the court's review, Count One includes "all the essential elements" of the RICO conspiracy alleged therein. Palumbo Bros., Inc., 145 F.3d at 860; Glecier, 923 F.2d at 499-500.

The defendant is apprised of the nature of the charge so that he can prepare a defense and evaluate any potential double jeopardy problems presented by the charge. Therefore, the court concludes that Count One satisfies the criteria for sufficiency of a RICO conspiracy charge. See Glecier, 923 F.2d at 499-500.

In sum, this court concludes that the grounds raised by the defendant for dismissal of Count One are not persuasive. Accordingly, this court will recommend that the defendant's motion to dismiss Count One of the indictment be denied.

In the alternative, the defendant seeks an order requiring the government to provide a bill of particulars. Specifically, the defendant seeks information about the instances of his conduct upon which the government intends to rely to establish his alleged agreement to violate 18 U.S.C. §1962(c), information about when he and other alleged co-conspirators joined the conspiracy, any conduct on his part undertaken in furtherance of the conspiracy, the names of any government informant who witnessed any of the overt acts upon which the government will rely at trial, the names of unindicted co-conspirators who will testify at trial, and the date, time, place and persons involved in any alleged acts of kidnaping, acts of tampering with a witness, victim or informant, or any distribution of controlled substances about which the government will offer evidence at trial. The defendant seeks similar information with respect to alleged acts of retaliation against a witness, victim or informant, acts of homicide or attempted homicide, robbery or attempted robbery, arson or attempted arson, or conspiracy to commit these offenses in which he is alleged to have been involved. He also wants the government to state whether any defendants or unindicted co-conspirators were acting on behalf of the government at the time of the alleged conspiracy.

- 9 -

Rule 7(f) of the Federal Rules of Criminal Procedure allows, in conjunction with the issuance of an indictment, "for the filing of a bill of particulars –- a more specific expression of the activities defendant is accused of having engaged in which are illegal." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). The trial court has discretion to grant or deny a request for a bill of particulars and the trial court's decision denying a bill of particulars will not be overturned without a showing of an abuse of discretion. United States v. Fassnacht, 332 F.3d 440, 446 (7th Cir. 2003); Canino, 949 F.2d at 949.

The test for determining whether a bill of particulars should be granted is similar to the test for determining the general sufficiency of the indictment, namely, "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." Fassnacht, 332 F.3d at 447 (quoting United States v. Kendall, 665 F.2d 126, 134 [7th Cir. 1981]); Canino, 949 F.2d at 949. "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." Fassnacht, 332 F.3d at 446.

"Once the elements of the crime have been specified, an indictment need only provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its case." Id. Indeed, a bill of particulars is not required when a defendant can obtain the information necessary for his or her defense through "some other satisfactory form." Id. at 447 n.2 (quoting United States v. Canino, 949 F.2d 928, 949 [7th Cir. 1991]). Further, if from reading the indictment the defendant could reasonably anticipate the evidence to be introduced at trial, the denial of the motion does not prejudice the defendant. United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985).

A review of the defendant's request for information shows that the defendant is seeking details about how the government will prove its case against him. For example, the defendant seeks information about instances of his conduct which the government will use to establish his agreement to violate §1962(c), as well as any conduct on his part which the government contends was undertaken in furtherance of the conspiracy. Some of his other requests seek evidentiary information. The defendant is not entitled to discover, through a bill of particulars, the evidentiary details of the government's case. Glecier, 923 F.2d at 501-02; United States v. Brock, 863 F.Supp. 851, 857 (E.D. Wis. 1994).

Moreover, to the extent the defendant seeks disclosure of the government's theory of prosecution, such disclosure is not properly obtained pursuant to a motion for a bill of particulars. See Glecier, 923 F.2d at 502; United States v. Amidzich, 396 F. Supp. 1140, 1143 (E.D. Wis. 1975). The defendant also seeks the names of witnesses who will testify at trial. "It is well-settled that a bill of particulars cannot be used to obtain a list of the government's witnesses, or evidentiary detail." United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974).

Simply stated, a defendant is entitled to know the offense with which he is charged, but he is not entitled to know the details of how it will be proved. Fassnacht, 332 F.3d at 446 (quoting United States v. Kendall, 665 F.2d 126, 135 [7th Cir. 1981]).

In this case, the government is following its "open file" policy and the defendant has received relevant and discoverable information contained in the government's file. "The 'open file' policy is an 'adequate satisfactory form' of information retrieval making the bill of particulars unnecessary." Canino, 949 F.2d at 949.

The indictment in this case adequately apprises the defendant of the nature of the charges against him to enable him to prepare a defense and to enable him to plead double

jeopardy if a subsequent prosecution for the same offense is brought. The information sought by the defendant goes beyond the bounds of information obtainable in a bill of particulars. Furthermore, the government has provided the defendant with extensive pretrial discovery in its possession further obviating the need for a bill of particulars. See Fassnacht, 332 F.3d at 447; Canino, 949 F.2d at 949. Accordingly, the defendant is not entitled to a bill of particulars.

In sum, for the reasons stated herein, the court will recommend that the defendant's motion to dismiss Count One of the indictment or, in the alternative, for a bill of particulars as to Count One be denied. (Docket #17).

## MOTION FOR A SANTIAGO HEARING AND FOR A PRETRIAL RULING CONCERNING ALLEGED CO-CONSPIRATOR STATEMENTS

Defendant Salem moves the court for a pretrial Santiago[1] hearing and a determination on the admissibility of declarations of alleged co-conspirators. Alternatively, he seeks an order requiring the government to present an offer of proof on the foundational issues that it will offer at trial.

The defendant's motion addresses the admissibility of co-conspirators' statements pursuant to Fed. R. Evid. 801(d)(2)(E). In Santiago, 582 F.2d at 1128, the Court of Appeals for the Seventh Circuit held that this issue may be resolved at trial. Subsequent cases have continued to approve of this practice. United States v. Haynie, 179 F.3d 1048, 1050 (7th Cir. 1999); United States v. McClellan, 165 F. 3d 535, 553 (7th Cir. 1999). This practice has been uniformly adopted in this district. As such, defendant Salem's motion will be denied as untimely. See e.g., United States v. Morken, No. 95-Cr-178, slip op. at 36-37 (E.D. Wis. April 20, 1996);

---

[1] United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978).

United States v. Nevarez-Diaz, No. 97-Cr-211, slip op. at 14-15 (E.D. Wis. Dec. 20, 1997); see also, United States v. Rodriguez, 975 F.2d 404, 409-10 (7th Cir. 1992).

Accordingly, the defendant's motion for a pretrial Santiago hearing and a determination on the admissibility of declarations of alleged co-conspirator statements will be denied. (Docket # 18).

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Anas Salem's motion for dismissal of Count One of the indictment or, in the alternative, for a bill of particulars as to Count One. (Docket #17).

**IT IS ORDERED** that defendant Anas Salem's motion for a Santiago hearing and for a pretrial ruling concerning alleged co-conspirator statements be and hereby is **denied**. (Docket #18).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 3rd day of May, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\CRIM\Salem rec and ord.wpd     - 13 -
Case 2:06-cr-00181-LA    Filed 05/03/07    Page 13 of 13    Document 35